| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

STEPHEN N. WILLIAMS; THE §
WILLIAMS FIRM; MITCHELL A. TOUPS; §
and WELLER, GREEN, TOUPS & §
TERRELL, L.L.P., §
　§
　　　　Plaintiffs, §
　§
*versus* §
　§
MONICA ANN WILLIAMS; ESTATE OF §
LARRY M. JOHNSTON; LOIS § CIVIL ACTION NO. 1:10-CV-783
JOHNSTON; MIKI KAY WRIGHT; §
MICHELLE LYNN STROUD; LACY §
MESHAWN JOHNSTON; 1699 §
INVESTMENTS, INC.; BIELAU OAKS; §
CENTRAL ASIA TRADING; WINDMILL §
RIDGE ENTERPRISES, INC.; A.J. §
HAULING-TEXAS, LLC; A.J. CRANE- §
TEXAS, INC.; A.J. CRANE, LTD.; and §
A.J. CRANE, §
　§
　　　　Defendants. §

**MEMORANDUM AND ORDER**

Pending before the court is Plaintiffs Stephen N. Williams, the Williams Firm ("TWF"), Mitchell A. Toups, and Weller, Green, Toups & Terrell, LLP's ("WGTT") (collectively, "Plaintiffs") Motion to Remand (#4). Plaintiffs seek remand to state court of the instant action against Monica Ann Williams ("Monica"), Lois Johnston ("Lois"), Lacy Meshawn Johnston ("Lacy"), Miki Kay Wright ("Miki"), Michelle Lynn Stroud ("Michelle"), 1699 Investments, Inc. ("1699 Investments"), Bielau Oaks, Central Asia Trading ("Central Asia"), Windmill Ridge Enterprises, Inc. ("Windmill Ridge"), A.J. Hauling-Texas, LLC ("A.J. Hauling"), and A.J.

Crane, Ltd. ("AJC") (collectively, "Defendants").[1] Having reviewed the motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that remand is warranted.

I.  Background

On or about October 28, 2010, Plaintiffs filed their original petition in the 58th Judicial District Court of Jefferson County, Texas, asserting claims for breach of contract, common law fraud, fraudulent transfer, tortious interference, conversion, and gross negligence. It is undisputed that Plaintiffs and Defendants Monica, Lois, Lacy, Miki, Michelle, 1699 Investments, Bielau Oaks, Windmill Ridge, and A.J. Hauling are all citizens and residents of Texas. Central Asia and AJC are Gibraltar companies with their principal places of business in Gibraltar and Azerbaijan.[2]

Between 2006 and 2009, AJC was hired to provide cranes and related services to various entities operating in Azerbaijan. Plaintiffs allege that Larry M. Johnston ("Mr. Johnston") was the president and/or representative of AJC during this time period. At some point, a contractual

---

[1] In their petition, Plaintiffs also name the Estate of Larry M. Johnston, A.J. Crane-Texas, Inc., and A.J. Crane as defendants in this action. In their motion for remand, however, Plaintiffs concede that the Estate of Larry M. Johnston is not a legal entity and, therefore, not a proper party to this action. Furthermore, in their Notice of Removal, Defendants allege that the entity A.J. Crane-Texas, Inc., was dissolved prior to the events that give rise to this lawsuit and that there is no separate entity known as "A.J. Crane" apart from AJC. Plaintiffs have not contested these assertions.

[2] In their petition, Plaintiffs allege that Central Asia and AJC are Texas companies with their principal places of business in Texas. Defendants' notice of removal, however, asserts that Central Asia and AJC are foreign entities for whom Plaintiffs have fraudulently or mistakenly pleaded incorrect jurisdictional facts. In support, Defendants have provided the declaration of Selvan Soobiah, Manager of the Fiduciary Services Department for Baker Tilly Ltd.—the parent company of both Central Asia and AJC. The declaration confirms that Central Asia is a Gibraltar company with its principal place of business in Gibraltar and that AJC is a Gibraltar corporation with its principal place of business in Baku, Azerbaijan. In their remand motion, Plaintiffs provide no evidence, argument, or authority to contest Defendants' assertions regarding the citizenship of these defendants. Accordingly, the court treats this matter as undisputed for the purposes of this motion. *See Chambers v. Bielss*, No. 3:08-CV-372, 2008 WL 5683483, at *4 (W.D. Tex. Dec. 8, 2008) (denying remand when the plaintiff failed to controvert the defendant's affidavit showing that he was a citizen of a foreign state).

2

dispute arose between AJC, British Petroleum ("BP"), McDermott Caspian Contractors, Inc. ("MCCI"), and BOS Shelf, LLC ("BOSS") concerning AJC's work in Azerbaijan. In 2007, Mr. Johnston purportedly retained TWF and WGTT to represent both himself and AJC in the dispute.

Plaintiffs allege that, in consideration of these legal services, Mr. Johnston, individually and on behalf of AJC, signed a contingency fee agreement (the "Agreement") with WGTT. The Agreement granted WGTT a certain percentage of any settlements achieved in the Azerbaijan dispute.[3] The Agreement further provided that "[i]n the event that [Mr. Johnston and/or AJC] desire(s) to terminate the relationship with [WGTT], said attorneys will be legally entitled to maintain the above referenced percentages . . . unless good cause can be shown for said dismissal or termination of these attorneys."

Plaintiffs claim that, in 2008, TWF and WGTT successfully negotiated a settlement agreement with BP, which Mr. Johnston approved later that year. Plaintiffs also maintain that they made substantial progress in reaching settlements with MCCI and BOSS. On August 18, 2009, however, Mr. Johnston and AJC purportedly terminated their contract with TWF and WGTT and repudiated any potential settlements with BP, MCCI, and BOSS. Plaintiffs were never paid for their legal services. Mr. Johnston died on May 14, 2010, leaving Monica, Lois, Lacy, Miki, and Michelle as his heirs.

In their petition, Plaintiffs contend that Mr. Johnston and AJC breached the Agreement by terminating their contract with TWF and WGTT without notice or cause and by refusing to pay

---

[3] Specifically, the Agreement conveyed to WGTT:

> 30% of any collection or settlement made before suit is filed, or 35% of any collection or settlement made after suit is filed and settlement is made or judgment paid without an appeal, or 35% of any collection or settlement made after suit is tried and judgment entered thereon, and the same is appealed to an appellate court.

for the legal services rendered. Plaintiffs seek to recover their share of any settlements negotiated with BP, MCCI, and BOSS from AJC and Mr. Johnston's heirs. Plaintiffs further maintain that they are entitled to their share of any BP, MCCI, and BOSS settlement funds that AJC and/or Mr. Johnston may have distributed to other persons or entities, including Monica, 1699 Investments, Bielau Oaks, Windmill Ridge, and A.J. Hauling.

On December 3, 2010, Defendants removed the case to federal court on the basis of diversity of citizenship, claiming that complete diversity exists among the real parties in interest and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Defendants assert that Monica, Lois, Lacy, Miki, Michelle, 1699 Investments, Bielau Oaks, Windmill Ridge, and A.J. Hauling (the "Texas Defendants") were fraudulently joined to defeat diversity and, as a consequence, should be dismissed as parties to this action. On December 17, 2009, Plaintiffs filed the instant motion to remand the case to state court, contending that the Texas Defendants were properly joined, and, therefore, federal jurisdiction is lacking.

II. Analysis

A. Removal and Remand

"'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *accord Johnson v. United States*, 460 F.3d 616, 621 n.6 (5th Cir. 2006); *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001). "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party

4

seeking the federal forum." *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377); *see also Hertz Corp. v. Friend*, __ U.S. __, __, 130 S. Ct. 1181, 1194 (2010); *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 (5th Cir. 2005).

When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *accord DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006); *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007); *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005); *Boone*, 416 F.3d at 388. "'This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute.'" *Roth v. Kiewit Offshore Servs., Ltd.*, 625 F. Supp. 2d 376, 382 (S.D. Tex. 2008) (quoting *Albonetti v. GAF Corp. Chem. Grp.*, 520 F. Supp. 825, 827 (S.D. Tex. 1981)); *accord Crossroads of Tex., L.L.C. v. Great-West Life & Annuity Ins. Co.*, 467 F. Supp. 2d 705, 708 (S.D. Tex. 2006); *Smith v. Baker Hughes Int'l Branches, Inc.*, 131 F. Supp. 2d 920, 921 (S.D. Tex. 2001). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)); *see Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010); *Gutierrez*, 543 F.3d at 251. "The removal statute ties the propriety of removal to the original jurisdiction of the

federal district courts." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); *see* 28 U.S.C. § 1441(a). Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gutierrez*, 543 F.3d at 251; *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *In re Hot-Hed Inc.*, 477 F.3d at 323; *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002)).

Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331, 1332; *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Halmekangas*, 603 F.3d at 294; *McDonal*, 408 F.3d at 181; *Howery*, 243 F.3d at 914-15; *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000). In order to determine whether jurisdiction is present in a removed action, the claims set forth in the state court petition are considered as of the date of removal. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998); *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 n.2 (5th Cir. 2007); *McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 558 n.1 (5th Cir. 2004); *Manguno*, 276 F.3d at 723; *Howery*, 243 F.3d at 916. In cases where, as here, there is no federal question involved, subject matter jurisdiction exists only if there is complete diversity among the parties and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332; *Lincoln Prop. Co.*, 546 U.S. at 89; *Exxon Mobil Corp.*, 545 U.S. at 552; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Halmekangas*, 603 F.3d at 294; *Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th

Cir.), *cert. denied*, 534 U.S. 997 (2001). Complete diversity requires that no plaintiff be a citizen of the same state as any defendant. *See Exxon Mobil Corp.*, 545 U.S. at 552; *Caterpillar Inc.*, 519 U.S. at 68; *Wallace v. La. Citizens Prop. Ins. Corp.*, 444 F.3d 697, 702 (5th Cir. 2006); *Heritage Bank*, 250 F.3d at 323; *Howery*, 243 F.3d at 920. Furthermore, removal is appropriate only if none of the parties properly joined and served as defendants are citizens of the state in which the action was brought. *See* 28 U.S.C. § 1441(b); *Lincoln Prop. Co.*, 546 U.S. at 89; *Gasch*, 491 F.3d at 281; *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 531-32 (5th Cir.), *cert. denied*, 548 U.S. 907 (2006).

B.   Fraudulent/Improper Joinder

In the case at bar, complete diversity is lacking because Monica, Lois, Lacy, Miki, Michelle, 1699 Investments, Bielau Oaks, Windmill Ridge, and A.J. Hauling are citizens of Texas. Therefore, to establish the existence of diversity jurisdiction, Defendants must show that these defendants were improperly or fraudulently joined to this action. *See Crockett*, 436 F.3d at 532; *Guillory*, 434 F.3d at 307-08; *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 224-25 (5th Cir. 2005), *cert. denied*, 549 U.S. 811 (2006); *Heritage Bank*, 250 F.3d at 323; *Hart*, 199 F.3d at 246. "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), *cert. denied*, 544 U.S. 992 (2005). "The removing party bears the heavy burden of proving that non-diverse defendants have been fraudulently joined to defeat diversity, either by showing that (1) there has been outright fraud in the plaintiff's recitation of jurisdictional facts, or (2) there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendants in state court." *Burden v. Gen. Dynamics Corp.*, 60

7

F.3d 213, 217 (5th Cir. 1995); *accord Gasch*, 491 F.3d at 281; *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006); *Holder v. Abbott Labs., Inc.*, 444 F.3d 383, 387 (5th Cir. 2006); *Guillory*, 434 F.3d at 308-09; *McDonal*, 408 F.3d at 183; *Melder v. Allstate Corp.*, 404 F.3d 328, 330 (5th Cir. 2005); *Smallwood*, 385 F.3d at 573; *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).

A determination of fraudulent joinder must be based on an analysis of the causes of action alleged in the complaint at the time of removal. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995); *Hook v. Morrison Milling Co.*, 38 F.3d 776, 780 (5th Cir. 1994). Where the defendant maintains that federal jurisdiction is proper, the court must evaluate all the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff, and then examine relevant state law and resolve all uncertainties in favor of the nonremoving party. *See Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462-63 (5th Cir. 2003), *cert. denied*, 546 U.S. 813 (2005); *Travis*, 326 F.3d at 649; *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *Hart*, 199 F.3d at 246; *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). Furthermore, the "'court must normally assume all the facts as set forth by the plaintiff to be true.'" *Burden*, 60 F.3d at 217 (quoting *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983), *cert. denied*, 464 U.S. 1039 (1984)).

"A district court should ordinarily resolve [claims of] improper joinder by conducting a Rule 12(b)(6)-type analysis." *McDonal*, 408 F.3d at 183 n.6; *see also Boone*, 416 F.3d at 388 ("A motion to remand is normally analyzed with reference to the well-pleaded allegations of the complaint, which is read leniently in favor of remand under a standard similar to Rule 12(b)(6)."); *Smallwood*, 385 F.3d at 573. If a plaintiff can survive a Rule 12(b)(6)-type challenge, there is

generally no improper joinder. *Guillory*, 434 F.3d at 309; *Smallwood*, 385 F.3d at 573. "That said, there are cases, hopefully few in number, in which the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* (citing *Badon v. RJR Nabisco*, 224 F.3d 382, 389 n.10 (5th Cir. 2000)); *accord Guillory*, 434 F.3d at 309. The court, however, must carefully distinguish an attack on the overall merits of the case from a showing that defendants were improperly joined in order to defeat diversity. *See Smallwood*, 385 F.3d at 573 ("[T]he focus of the inquiry must be on the joinder, not on the merits of the plaintiff's case."); *see also Gasch*, 491 F.3d at 284 ("[A] meritless claim against an in-state defendant is not the equivalent of improper joinder."); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 546 (5th Cir. 1981) ("[D]istrict courts must not 'pre-try' substantive factual issues in order to answer the discrete threshold question of whether the joinder of an in-state defendant is fraudulent.").

To prove the existence of fraudulent joinder, the removing party must demonstrate that there is no possibility that the plaintiff could establish a cause of action against the Texas Defendants in state court. *See Gasch*, 491 F.3d at 281; *Larroquette*, 466 F.3d at 374; *Holder*, 444 F.3d at 387; *Guillory*, 434 F.3d at 308; *Melder*, 404 F.3d at 330; *Smallwood*, 385 F.3d at 573; *Travis*, 326 F.3d at 648; *Great Plains Trust Co.*, 313 F.3d at 312; *Hart*, 199 F.3d at 246. "In evaluating a claim of fraudulent joinder, we do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff may do so." *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997), *cert. denied*, 523 U.S. 1072 (1998); *see Guillory*, 434 F.3d at 308-09; *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996); *Burden*, 60 F.3d at 216. "'If that

9

possibility exists, a good faith assertion of such an expectancy in a state court is not a sham . . . and is not fraudulent in fact or in law.'" *B., Inc.*, 663 F.2d at 550 (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 177 (5th Cir. 1968)); *accord Travis*, 326 F.3d at 647. "This possibility, however, must be reasonable, not merely theoretical." *Great Plains Trust Co.*, 313 F.3d at 312 (citing *Badon*, 236 F.3d at 286 n.4); *accord Boone*, 416 F.3d at 388; *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 405 (5th Cir. 2004); *Travis*, 326 F.3d at 648. "'If there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved," then there is no fraudulent joinder,'" and the case must be remanded for lack of diversity. *Great Plains Trust Co.*, 313 F.3d at 312 (quoting *Badon*, 236 F.3d at 286 (quoting *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993))); *see Gray*, 390 F.3d at 402; *Smallwood*, 385 F.3d at 589-90; *Sid Richardson Carbon & Gasoline Co.*, 99 F.3d at 751.

In assessing whether a plaintiff could possibly establish a claim against a non-diverse defendant, the court must apply the law of the state in which the action was brought—in this case, Texas. *See Travis*, 326 F.3d at 647; *Hart*, 199 F.3d at 247. "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiff['s] allegations and the pleaded theory of recovery." *Griggs*, 181 F.3d at 701; *see Burden*, 60 F.3d at 218-21. This means that "a controlling state court petition that successfully alleges a recognized cause of action but fails to also allege facts giving notice of *how* the defendant's conduct gives rise to the asserted liability lacks the required specificity." *First Baptist Church of Mauriceville v. Guideone Mut. Ins. Co.*, No. 1:07-CV-988, 2008 WL 4533729, at *4 (E.D. Tex. Sept. 29, 2008) (emphasis in original). "Identifying only what law forms the basis of the complaint, without identifying how a defendant violated that law, proves only that there is a theoretical possibility that

10

a cause of action *could* be stated against the defendant, not that the plaintiff *did* state a cause of action." *Id.* (emphasis in original); *see Griggs*, 181 F.3d at 701. Accordingly, "[c]onclusory allegations are insufficient" to show a basis for predicting recovery. *First Baptist Church of Mauriceville*, 2008 WL 4533729, at *4; *see Badon*, 224 F.3d at 392-93; *Jernigan*, 989 F.2d at 817.

District courts in Texas differ regarding whether to apply the federal 12(b)(6) standard or the more lenient Texas "fair notice" standard when evaluating the sufficiency of factual allegations for the purpose of determining fraudulent joinder. *Compare Escuadra v. Geovera Specialty Ins. Co.*, 739 F. Supp. 2d 967, 976-77 (E.D. Tex. 2010) (applying federal standard), *and King v. Provident Life & Accident Ins. Co.*, 1:09-CV-983, 2010 WL 2730890, at *4 (E.D. Tex. June 4, 2010) (same), *with Hayden v. Allstate Tex. Lloyds*, H-10-646, 2011 WL 240388, at *7-8 (S.D. Tex. Jan. 20, 2011) (applying Texas standard), *and Edwea, Inc. v. Allstate Ins. Co.*, H-10-2970, 2010 WL 5099607, at *5-6 (S.D. Tex. Dec. 8, 2010) (same). It appears, however, that the majority of courts which have addressed this issue favor application of the state pleading standard. *Edwea, Inc.*, 2010 WL 5099607, at *5.[4] In fact, many courts have eschewed an overly-technical

---

[4] *See also D'Souza v. Peerless Indem. Ins. Co.*, H-10-4431, 2011 WL 285154, at *2 (S.D. Tex. Jan. 25, 2011) ("[W]hen state law provides a more lenient pleading standard, the state-law pleading standard, not Rule 12(b)(6), applies."); *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, H-10-1846, 2011 WL 240335, at *12-14 (S.D. Tex. Jan. 20, 2011) ("Because the Original Petition here was pleaded in Texas state court . . . it would be unfair to hold it to the more stringent standard in federal court."); *Rankin Rd., Inc. v. Underwriters at Lloyds of London*, ___ F. Supp. 2d ___, ___, 10-CV-2226, 2010 WL 4007619, at *6 (S.D. Tex. Oct. 12, 2010) ("Defendants' argument [is] that Plaintiff's pleadings are insufficiently detailed to meet federal pleading requirements. However, this argument is of limited relevance to the current inquiry whether there is a reasonable basis to predict that Plaintiff might recover against [the in-state defendant] in *state* court.") (emphasis in original); *SL FUS of Houston, L.L.C. v. InSightec-TXSonics, Inc.*, H-10-2066, 2010 WL 3984669, at *3 & n.8 (S.D. Tex. Oct. 8, 2010) ("Defendants have failed to prove that under Texas substantive law, and Texas pleading standards, plaintiffs have no reasonable basis to recover for fraud against [the in-state defendants]."); *Warren v. State Farm Mut. Auto. Ins. Co.*, 3:08-CV-0768, 2008 WL 4133377, at *4 (N.D. Tex. Aug. 29, 2008) ("Because state court plaintiffs should not be required to anticipate removal to federal court, the court assesses the sufficiency of the factual allegations . . . under Texas' notice pleading standard.").

review of the pleadings in favor of an approach that examines the core issue of whether the plaintiff has demonstrated a possibility of prevailing against the in-state defendant, leaving any factual deficiencies to be addressed in state court. *See Murphy v. Broyhill Indus., Inc.*, 3:08-CV-2092, 2009 WL 1543918, at *5 (N.D. Tex. June 2, 2009) ("The central issue is the adequacy of the claim against [the defendant] under Texas law. If Defendants wish to challenge the specificity of Plaintiffs' allegations, they must do so in state court.").[5]

After reviewing these authorities, the court is persuaded that applying the state pleading standard is the better approach. Because Plaintiffs filed their petition in state court in accordance with Texas pleading standards, it would be unfair to hold them to the more stringent standard of federal court. *Centro Cristiano Cosecha Final, Inc.*, 2011 WL 240335, at *14; *Edwea, Inc.*, 2010 WL 5099607, at *5-6. In addition, application of the state pleading standard avoids situations in which valid state law claims likely exist, but, due to a technical pleading deficiency that could easily be cured by an amendment, the plaintiff is prevented from proceeding in state court. *Edwea, Inc.*, 2010 WL 5099607, at *6 ("The inability to consider an amended petition is another reason to be wary of using the federal pleading standard."). Furthermore, application of the state standard assuages any comity concerns that might otherwise develop.[6] *See Escuadra*, 739 F.

---

[5] *See also Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1284 (11th Cir. 2006) ("[Plaintiff's] patchy allegations may ultimately prove insufficient, but we are unable to say there is no possibility she has asserted a colorable claim [under state law]."); *Kongelf v. Sears Holding Corp.*, 4:09-CV-38, 2010 WL 1977833, at *4 (D.N.D. Apr. 7, 2010) ("[T]he court should focus upon whether the plaintiffs may have a 'colorable claim' for which state law might impose liability, not upon any technical deficiencies in the state-court complaint, in ruling on the claim of fraudulent joinder."); *Waterloo Coal Co., Inc. v. Komatsu Mining Sys., Inc.*, C2-02-560, 2003 WL 124137, at *4 (S.D. Ohio Jan. 9, 2003) ("Because the state court might conclude either that there is a pleading deficiency . . . that can be easily remedied, or because the state court might conclude that . . . no amendment would be needed, [the defendant] has not met its burden on the fraudulent joinder issue.").

[6] For example, rigorous application of the federal 12(b)(6) standard in the fraudulent joinder context would effectively overrule the state pleading standard in any state action involving a diverse defendant. The plaintiff would be required to anticipate the possibility of removal and plead sufficient facts

Supp. 2d at 976-77; *First Baptist Church of Mauriceville*, 2008 WL 4533729, at *4 n.6 (noting that application of the federal standard in the fraudulent joinder context raises comity implications). Accordingly, the court will examine Plaintiffs' petition under the Texas pleading standard to determine whether the allegations therein support a reasonable basis for predicting recovery against the Texas Defendants, leaving any technical defects to be addressed in state court. *See Murphy*, 2009 WL 1543918, at *5.

Texas follows a "fair notice" pleading standard, which requires "a short statement of the cause of action sufficient to give fair notice of the claim involved . . . ." TEX. R. CIV. P. 47; *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 230 (Tex. 2004). The purpose of this standard is to provide the opposing party with sufficient information to prepare a defense. *Sw. Bell Tel. Co. v. Garza*, 164 S.W.3d 607, 616 n.11 (Tex. 2004) (citing *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982)). Under this standard, the court examines whether the opposing party can ascertain from the pleadings the nature, basic issues, and the type of evidence that might be relevant to the controversy. *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007); *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). "[T]he pleadings must be sufficiently adequate so the court is able, from an examination of the pleadings alone, to ascertain with reasonable certainty and without resorting to information from another source, the elements of a plaintiff's cause of action and relief sought with sufficient information upon which to base a judgment." *UMLIC VP LLC v. T&M Sales & Envtl. Sys., Inc.*, 176 S.W.3d 595, 604 (Tex. App.—Corpus Christi 2005, pet. denied) (citing *Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex. 1979)). Nevertheless, a pleading will be liberally construed in favor of the pleader, and the court

---

to comply with the federal standard in order to avoid dismissal of the in-state defendant on the pretext that he/she was fraudulently joined.

should uphold the petition as to a cause of action that may be reasonably inferred from what is specifically stated, even if an element of the cause of action is not specifically alleged. *Horizon/CMS Healthcare Corp.*, 34 S.W.3d at 897; *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993); *see In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 388 F. Supp. 2d 780, 784 n.4 (S.D. Tex. 2005).

### C. Mr. Johnston's Heirs

In their motion, Plaintiffs rely primarily on the joinder of Mr. Johnston's heirs—Monica, Lois, Lacy, Miki, and Michelle (the "Heirs")—as their basis for remand. Plaintiffs contend that Texas law permits them to pursue claims against the property of a decedent's estate by suing the decedent's heirs. Plaintiffs maintain that they have asserted valid claims against the property of Mr. Johnston's estate, and, therefore, they are entitled to join the Heirs to this lawsuit.

In their petition, Plaintiffs assert, *inter alia*, a cause of action for breach of contract against "Defendants" generally. Under Texas law, the essential elements of a breach of contract claim are: "(1) the existence of a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach." *Bank of Tex. v. VR Elec., Inc.*, 276 S.W.3d 671, 677 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *accord Domingo v. Mitchell*, 257 S.W.3d 34, 39 (Tex. App.—Amarillo 2009, pet. denied); *Hovorka v. Cmty. Health Sys., Inc.*, 262 S.W.3d 503, 508-09 (Tex. App.—El Paso, 2008, no pet.); *Academy of Skills & Knowledge, Inc. v. Charter Schs., USA, Inc.*, 260 S.W.3d 529, 536 (Tex. App.—Tyler 2008, pet. denied). A breach occurs when a party fails or refuses to perform an act that it has expressly promised to perform. *See Franconia Assocs. v. United States*, 536 U.S. 129, 142-43 (2002); *Dorsett v. Cross*, 106 S.W.3d 213, 217 (Tex. App.—Houston [1st Dist.] 2003, pet. denied); *Townewest Homeowners Ass'n, Inc. v. Warner*

14

*Commc'n Inc.*, 826 S.W.2d 638, 640 (Tex. App.—Houston [14th Dist.] 1992, no writ); *Methodist Hosps. of Dallas v. Corporate Communicators, Inc.*, 806 S.W.2d 879, 882 (Tex. App.—Dallas 1991, writ denied).

Here, Plaintiffs allege that Mr. Johnston, individually and on behalf of AJC, entered into a written contingency fee contract with WGTT that entitled WGTT to a percentage of any settlements achieved in the Azerbaijan dispute. Plaintiffs allege that TWF and WGTT performed under the contract by successfully negotiating a settlement with BP. Plaintiffs further allege that, after approving the settlement, Mr. Johnston breached the contract by terminating TWF and WGTT without cause and refusing to pay for their legal services. Under these circumstances, the court finds that Plaintiffs have alleged sufficient facts to provide fair notice of a cause of action for breach of contract against Mr. Johnston. *See Marquis v. Omniguide, Inc.*, 714 F. Supp. 2d 640, 645-46 (N.D. Tex. 2010); *Woolam v. Tussing*, 54 S.W.3d 442, 448 (Tex. App.—Corpus Christi 2001, no pet.).

Under Texas law, "[a] suit seeking to establish the decedent's liability on a claim and subject property of the estate to its payment should ordinarily be instituted against the personal representative or, under appropriate circumstances, against the heirs or beneficiaries." *Price v. Anderson's Estate*, 522 S.W.2d 690, 691 (Tex. 1975); *accord Miller v. Estate of Self*, 113 S.W.3d 554, 556 (Tex. App.—Texarkana 2003, no pet.). If the legal representative is unavailable, a plaintiff may properly sue the heirs or beneficiaries. *Rooke v. Jenson*, 838 S.W.2d 229, 230 (Tex. 1992); *Allen ex rel. B.A. v. Albin*, 97 S.W.3d 655, 658 & n.1 (Tex. App.—Waco 2002, no pet.). Here, Plaintiffs have made clear that they intend to pursue their breach of contract claim against the property of Mr. Johnston's estate by naming, albeit improperly, his estate[7] as a party to this

---

[7] *See supra* note 1.

action. Furthermore, the parties do not dispute that Monica, Lois, Lacy, Miki, and Michelle are Mr. Johnston's heirs and that no personal representative of his estate has been appointed. Accordingly, the court finds that Texas law permits Plaintiffs to join the Heirs to this action. *See Miller*, 113 S.W.3d at 556.

Nevertheless, Defendants argue that Plaintiffs have not stated a valid claim against the Heirs because the petition fails to allege any specific facts against them. While Plaintiffs' allegations regarding the Heirs are sparse at best,[8] the court does not find this to be a sufficient basis to deny remand. As discussed above, Plaintiffs have alleged sufficient facts against Mr. Johnston to support a claim against the property of his estate. Although no specific facts are alleged against the Heirs, their connection to this lawsuit does not arise from any conduct on their part but, rather, from their status as beneficiaries of Mr. Johnston's estate. Indeed, it is difficult to discern what additional allegations would be required, apart from expressly stating that the Heirs are being sued in that capacity.[9] Accordingly, the court concludes that Defendants have failed to meet their heavy burden to show that there is no possibility that Plaintiffs could establish a cause of action against the Heirs in state court. Thus, a finding of fraudulent joinder is not appropriate in this case, and remand is required.[10]

---

[8] Apart from their names, residences, and addresses for notice purposes, and a brief reference to Monica as Mr. Johnston's heir, Plaintiffs' petition makes no mention of these defendants.

[9] Defendants point to one Texas appellate court case which held that plaintiffs are required to plead specifically that a distribution of the estate has occurred when asserting claims against a decedent's heirs. *See Perkins v. Cain's Coffee Co.*, 466 S.W.2d 801, 802-03 (Tex. Civ. App.—Corpus Christi 1971, no writ). The Texas Supreme Court, however, has not imposed any such requirement. *See Price*, 522 S.W.2d at 691. In any event, any technical defects in Plaintiffs' petition may be more appropriately addressed through a special exception in state court. *See Murphy*, 2009 WL 1543918, at *5.

[10] Because the court concludes that the joinder of the Heirs requires remand of this case, it is unnecessary for the court to examine Plaintiffs' other claims against the remaining Texas Defendants.

III. <u>Conclusion</u>

An evaluation of the relevant facts and controlling law reveals that this court lacks subject matter jurisdiction over Plaintiffs' action, as there is neither a federal question presented nor complete diversity of citizenship between the parties. Therefore, this case was improvidently removed, and remand is warranted. Consequently, the court is of the opinion that Plaintiffs' Motion to Remand should be granted and this action should be remanded to the 58th Judicial District Court of Jefferson County, Texas. Accordingly, Plaintiffs' Motion to Remand is GRANTED.

SIGNED at Beaumont, Texas, this 9th day of March, 2011.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE